**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

11:08 am 4-28-20

**NOTICE TO DEFENDANT:** COSTCO WHOLESALE CORPORATION; DOES
*(AVISO AL DEMANDADO):* 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:** Kamilia Rizk
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
20STCV14640

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Gene J. Goldsman, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Gene J. Goldsman
501 Civic Center Drive West, Santa Ana, CA 92701             (714) 541-3333

**DATE:** 04/16/2020      Clerk, by Sherri R. Carter Executive Officer / Clerk of Court   Deputy
*(Fecha)*                 *(Secretario)*   M. Barel     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2020 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk
Case 2:20-cv-04780 Document 1-1 Filed 05/28/20 Page 2 of 18 Page ID #:11
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Laura Seigle

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gene J. Goldsman, Esq.   SBN: 76554<br>Law Offices of Gene J. Goldsman<br>501 Civic Center Drive West<br>Santa Ana, CA 92701<br>TELEPHONE NO: (714) 541-3333   FAX NO. *(Optional):* (714) 541-0456<br>E-MAIL ADDRESS *(Optional):* gene@gjglaw.com<br>ATTORNEY FOR *(Name):* Kamilia Rizk | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Kamilia Rizk

DEFENDANT: COSTCO WHOLESALE CORPORATION

[X] DOES 1 TO 100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED** *(Number):*
Type *(check all that apply):*
[ ] **MOTOR VEHICLE**   [X] **OTHER** *(specify):* Negligence; Strict Products Liability; Negligent Products Liability; Breach of Warranty
[ ] Property Damage   [ ] Wrongful Death
[X] Personal Injury   [ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
**20STCV14640**

1. Plaintiff *(name or names):* Kamilia Rizk
   alleges causes of action against defendant *(name or names):* COSTCO WHOLESALE CORPORATION; DOES 1 to 100

2. This pleading, including attachments and exhibits, consists of the following number of pages: 17

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

| SHORT TITLE: Rizk v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* COSTCO WHOLESALE
      - (1) ☐ a business organization, form unknown
      - (2) ☒ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*
      - (1) ☐ a business organization, form unknown
      - (2) ☐ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
      - (1) ☐ a business organization, form unknown
      - (2) ☐ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
      - (1) ☐ a business organization, form unknown
      - (2) ☐ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 100 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 100 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

| SHORT TITLE: Rizk v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☐ Intentional Tort
    d. ☒ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other (specify):

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☒ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☒ property damage
    f. ☒ loss of earning capacity
    g. ☒ other damage (specify): Costs of transportation to and from all medical providers; costs of suit; pre and post judgment interest; any such further relief as the Court deems just and proper

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers): All Paragraphs

Date: April 14, 2020

Gene J. Goldsman, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: Rizk v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

FIRST  **CAUSE OF ACTION—General Negligence**  Page 4
(number)

ATTACHMENT TO  [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Kamilia Rizk

alleges that defendant *(name):* COSTCO WHOLESALE CORPORATION

[X] Does  1  to  100

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* May 20, 2020
at *(place):* or near 13550 Paxton St. Pacoima, CA 91331

*(description of reasons for liability):*

1. Plaintiff(s) reallege all prior and subsequent paragraphs of this complaint by incorporation by reference, as if fully set forth in full herein.

2. The true names or capacities, whether individual, associate, corporate, or otherwise of those Defendants sued herein as Does 1-100, inclusive, and each of them, are unknown to Plaintiff(s), and Plaintiff(s) are genuinely ignorant of their true names and identity of Does 1-100, inclusive, and/or facts to implicate the fictitious Doe defendants, who therefore sue said Doe Defendants by such fictitious names. Plaintiffs will ask or seek leave of court to amend this complaint to show such true names and capacities when they have ascertained or identified. Plaintiffs are informed and believe, and based thereon allege, that each of the Doe Defendants are and were in some manner strictly liable, negligent, reckless, careless or unreasonable and/or proximately responsible for the events, happenings and wrongful acts, failure to act, representations and omissions alleged throughout this complaint and/or committed such, and are liable to Plaintiff(s) as herein alleged either individually or collectively are, in some manner responsible for the actions, happenings or events as well as the acts, representations and omissions described herein and are in some manner responsible and liable to plaintiff(s) for them. Additionally, Fictitious defendants, Does 1-100, inclusive are sued herein pursuant to California Code of Civil Procedure section 474.

CONTINUED ON NEXT PAGE...

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

3. Plaintiff(s) are informed and believe and thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint venturers, co-conspirators, partners, alter egos, alternate entities, affiliated entity, personal representatives, trustees, executors, administrators, estate, estate pursuant to Probate Code section 550 – 555 (in which decedent was protected by one or more insurance policies) successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants, delagatees, delegators, agents and/or "managing agents" of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein and/or was ratified by each of the remaining Defendants. Defendants, in engaging in the acts, omissions and representations referenced throughout this complaint and/or through discovery. All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement, partnership or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondeat superior, agency, partnership, agreement or through or under some other legal fact or theory. Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

4. At all times relevant hereto Defendants and each of them, jointly or severally, including their agents, employees, servants, and contractors acting within the course, scope, and purpose of employment or through some other relationship, owned, maintained, inspected, controlled, repaired, managed, and/or operated the aforementioned premises, property and area at or near 13550 Paxton St Pacoima, CA 91331, and the surrounding and adjacent areas. Defendants and each of them obtained an economic or other benefit connected with and related to the aforementioned premises, property, and area. Defendants had a duty of care towards all foreseeable plaintiffs, including present Plaintiff, to keep them free from foreseeable risks of harm, including but not limited to a duty to warn, make safe, adequately, properly, and safely maintain and inspect the property.

5. Further, at all times relevant herein, Defendants and each of them were involved in acts, errors, omissions, and representations related to the building, construction, erection, improvements, work performed, contracting work performed, goods/services provided related to such work, and related management, operations and supervision at the aforementioned premises, property or area. Defendants had a duty of care towards all foreseeable plaintiffs, including present Plaintiff, to keep them free from foreseeable risks of harm, including but not limited to a duty to warn, make safe, adequately, properly, and safely maintain and inspect the property, premises and area and conduct themselves within the standard of care.

6. Further, Defendants and each of them breached a duty of due care and were negligent, careless, reckless and unreasonable in their building, construction, erection, improvements, work performed, contracting work performed, goods/services provided related to such work, and related management, operations and supervision at the aforementioned premises, property or area.

7. Further, defendants and each of them, jointly or severly, including but not limited to Doe or Fictitious defendants, whether under Government Code section 815.2 (employees of the public entity/entities) and/or Government Code section 815.4 (contractor for the public entity/entities), were negligent, careless, reckless and unreasonable in their building, construction, erection, improvements, work performed, contracting work performed and related management, operations and supervision of such acts, omissions and conducted related to or connected to the aforementioned premises, property, or area location.

8. At all times relevant, Plaintiff was a foreseeable user of the rotted lamb roast that left the manufacturers hands unchanged, it was unfit for human consumption or use as prescribed and was tainted with worms and other particulate matter and foreign objects. Plaintiff cooked and started to consume the rotted lamb roast when she noticed worms on the inside along with other objects while cooking it. Plaintiff became seriously ill and suffered serious injury and extreme emotional distress as a result of ingesting the tainted lamb roast.

9. At all times relevant herein, Defendants and each of them and Does 1 to 100, as employees (as well as agents, servants and contractors) of defendants and each of them pursuant to Government Code sections 815.2, 840.2, 820(a) or 815.4 (as a contractor) the dangerous condition on public property was in a dangerous condition at the time of plaintiff(s) injury. The injury to plaintiff(s) was proximately caused by the dangerous condition. The dangerous condition created a reasonably foreseeable risk of the kind of injury which occurred to plaintiff(s) and that was directly attributable wholly or in substantial part to the negligent or wrongful act of employees, Does 1 to 100. The employee(s) at issue (Does 1 to 100) had authority and the funds and other means immediately available to take alternative action which would not have created or maintained the dangerous condition, or in the alternative, the public entity employee(s) defendant(s) had the authority and it was his/her/their responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity defendant(s) and the funds and other means for doing so were immediately available to him/her/them/Does 1 to 100 and he/she/they had actual or constructive notice of the dangerous condition pursuant to Government Code section 840.2 a sufficient time prior to the Plaintiff(s) injury to have taken measures to protect against the dangerous condition.

10. The acts, errors, omissions and representations of Defendant(s) and each of them described throughout this complaint

Page 5

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

Westlaw Doc & Form Builder
CRC 201, 501

| SHORT TITLE: Rizk v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

| SECOND | CAUSE OF ACTION—Products Liability | Page 6 |
|---|---|---|
| (number) | | |

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Kamilia Rizk

Prod. L-1. On or about *(date):* May 20, 2018 plaintiff was injured by the following product: A rotted lamb roast; manufactured by Defendants and each of them, the rotted lamb roast contained worms and was unfit for human use and consumption as prescribed by a foreseeable user such as Plaintiff. The lamb roast left the manufacturers hands unchanged and was contaminated with worms and other particulates, Plaintiff ingested the rotted lamb roast and spotted the worms in the roast after she ingested the tainted meat, causing Plaintiff serious injury and emotional distress

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
    [X] used in the manner intended by the defendants.
    [X] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
    [X] purchaser of the product.     [X] user of the product.
    [ ] bystander to the use of the product.     [ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [X] **Count One—Strict liability** of the following defendants who
    a. [X] manufactured or assembled the product *(names):* COSTCO WHOLESALE CORPORATION

    [X] Does   1   to   100  
    b. [X] designed and manufactured component parts supplied to the manufacturer *(names):*

    [X] Does   1   to   100  
    c. [X] sold the product to the public *(names):* COSTCO WHOLESALE CORPORATION

    [X] Does   1   to   100  

Prod. L-5. [X] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*

    [X] Does   1   to   100  

Prod. L-6. [X] **Count Three—Breach of warranty** by the following defendants *(names):*

    [X] Does   1   to   100  
    a. [X] who breached an implied warranty
    b. [X] who breached an express warranty which was
        [X] written   [X] oral

Prod. L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    [ ] listed in Attachment-Prod. L-7 [X] as follows: COSTCO WHOLESALE CORPORATION; DOES 1 to 100; according to proof.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

CAUSE OF ACTION—Products Liability

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

## ATTACHMENT SHEET "PL-1"

# PRODUCTS LIABILITY

1. Plaintiff incorporates by reference all prior and subsequent paragraphs and allegations of this complaint herein as if set forth in full herein.

2. At all times relevant, prior to and at the time of the events described herein, defendants and each of them were a manufacturer, designer, distributor, retailer, supplier of the products and their component parts at issue ("product") and placed the product at issue in the stream of commerce or had a hand in such acts and omissions so that the product reached and came in contact with plaintiff(s).

3. The true names or capacities, whether individual, associate, corporate, or otherwise of those Defendants sued herein as Does 1-100, inclusive, and each of them, are unknown to Plaintiff(s), and Plaintiff(s) are ignorant of their true names and identity of Does 1-100, inclusive, and/or facts to implicate the fictitious Doe defendants, who therefore sue said Doe Defendants by such fictitious names. Plaintiff will ask or seek leave of court to amend this complaint to show such true names and capacities when they have ascertained or identified Plaintiff are informed and believe, and based thereon allege, that each of the Doe Defendants are and were in some manner strictly liable, negligent, reckless, careless or unreasonable and/or proximately responsible for the events, happenings and wrongful acts, failure to act, breaches, representations and omissions alleged throughout this complaint and/or *committed* such, and are liable to Plaintiff(s) as herein alleged either individually or collectively are, in some manner *responsible* for the actions, happenings or events as well as the acts, representations and omissions described herein and are in some manner responsible and liable to plaintiff(s) for them. Additionally, Fictitious defendants, Does 1-100, inclusive are sued herein pursuant to California Code of Civil Procedure section 474.

4. Plaintiff(s) are informed and believe and thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint venturers, co-conspirators, partners, alter egos, alternate entities, affiliated entity, successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants, delagatees, delegators and/or agents of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein was ratified by each of the remaining Defendants. Defendants, in engaging in the acts, omissions and representations referenced throughout this complaint and/or through discovery. All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement, partnership or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondeant superior, agency, partnership, agreement or through or under some other legal fact or theory. Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

5. Plaintiff(s) are informed and believe and thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint venturers, co-conspirators, partners, alter egos, alternate entities, affiliated entity, successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants, delagatees, delegators and/or agents of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein was ratified by each of the remaining Defendants. Defendants, in engaging in the acts, omissions and representations referenced throughout this complaint and/or through discovery. All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement, partnership or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondeat superior, agency, partnership, agreement or through or under some other legal fact or theory. Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

6. At all times relevant herein defendants and each of them owed a duty of due care to plaintiff(s) and breached that duty of care and / or are strictly liable under strict products liability. The product(s) at issue were dangerous and defective. At all times herein the product proximately caused plaintiff harm and damages related to defects present at the time of design, manufacture, marketing, assembly etc. including defects and deficiencies that arose before and after the time of sale or placing the product in the stream of commerce so that plaintiff(s) would come in contact with the product. At all times relevant herein, defendants and each of them, designed, manufactured, prepared sold, supplied, installed, inspected, repaired, rented, leased, distributed, assembled the product(s) and component parts, at issue herein (all references herein, to "product" encompass the "component parts" of that product(s). At all times relevant herein defendants were strictly liable or negligent, reckless, unreasonable and careless in their design, manufacture, supply, installation, inspection repair, renting or leasing of product. Further, at all times relevant herein defendants and each of them failed to use the amount of care reasonably required in designing, manufacturing, inspecting, installing, repairing, recalling, warning, retrofitting the product(s) at issue under similar circumstances to avoid exposing plaintiff(s) to a foreseeable risk of harm. At all times the product(s) at issue were not reasonably safe for the purposes for which it was intended.

7. Defendants, and each of them, manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, supplied, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold a certain tainted and or rotten lamb roast and its component parts and constituents, which was intended by the defendants, and each of them, to be used for the purpose of consumption and human use and other related activities.

8. Defendants, and each of them, knew that said tainted and or rotten lamb roast and its component and constituents was going to be used for the purpose of human consumption and failed to reasonably manufacture to the required standard of care for human use.

9. The said tainted and or rotten lamb roast was unsafe for its intended use by reason of defects in its manufacture, design, testing, inspection, handling, keeping, preparation, fabrication of components and constituents, so that it would not safely serve its purpose, but would instead expose the users of said product,

8

plaintiff, to serious injury and damages because of the failure of defendants, and each of them, to properly guard, warn and protect the users of the said tainted and or rotten lamb roast from the defects of said product.

10. Plaintiff was not aware of said defects at any time prior to the injuries caused by the said tainted and or rotten lamb roast and its constituents and component parts.

11. At all relevant times the product at issue was inherently dangerous or dangerous and/or defective and not carefully made. The product had dangerous propensities. Defendants and each of them failed to adequately manufacture, design, test, inspect, handle, keep, prepare, fabricate the product(s) properly. Defendants and each of them failed to exercise reasonable care in adopting a safe plan or design, manufacture, assemble and preparation of the product and its component and constituent parts. Defendants and each of them had a duty to adequately warn plaintiff(s) of the dangers associated with the product(s). Defendants and each of them knew the product would be placed in the market and plaintiff as an ordinary consumer would not inspect the product for defects and dangers. Therefore all defendants are liable for failing to adequately warn of dangers or make the dangers safe for plaintiff(s) associated with the product(s) and adequately and timely recall the product(s) and not permit plaintiff access or have contact with the product(s). Defendants knew or reasonably should have known that the product(s) was unreasonably dangerous and/or defective when used in a reasonably foreseeable manner by plaintiff(s). Defendants knew or should have known the degree of risk and harm to foreseeable plaintiff like plaintiff at bar. Defendant became aware of a product defect prior to its sale and/or after its sale or placing the product(s) in the stream of commerce so that plaintiff would encounter the product(s).

12. At all times the product did not include sufficient instructions or warranties or potential safety hazards.

13. At all times relevant, herein, defendants and each of them: (1) received a direct financial benefit from its activities and from the sale of the product; (2) had a role was integral to the business enterprise such that the defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) had control over, or a substantial ability to influence, the manufacturing or distribution process." *Bay Summit Community Ass 'n v. Shell Oil Co.*, 51 Cal. App. 4th 762, 776, 59 Cal. Rptr. 2d 322 (1996).

14. As a proximate cause of defendant's negligence, recklessness, unreasonableness and recklessness and breach of express and implied warranties, defendants and each of them including under a strict liability for products, caused plaintiff harm, injury and damages and was a substantial factor in the cause, and are therefore liable to plaintiff under all theories identified herein.

15. Plaintiff used Defendants' tainted and or rotten lamb roast located at or near 13550 Paxton St, Pacoima, CA 91331. Plaintiff used the tainted and or rotten lamb roast for the purpose for which it was intended to be used for human use. Plaintiff used the product, and sustained injuries as a result of the product.

16. Plaintiff's contact with the tainted and or rotten lamb roast product proximately caused / was a substantial factor in causing plaintiff's damages and injury including but not limited personal injury, serious and severe emotional distress and psychological injury pursuant to *Molien v. Kaiser Foundation Hosps.*, (1983) 27 Cal. 3d 916.

## ATTACHMENT SHEET "PL-2"

### (Negligence in Products Liability)

# NEGLIGENCE

1. Plaintiff incorporates by reference all prior and subsequent paragraphs and allegations of this complaint herein as if set forth in full herein

2. At all times relevant, prior to and at the time of the events described herein, defendants and each of them were a manufacturer, designer, distributor, retailer, supplier, seller of the products and their component and constituent parts at issue ("product") and placed the product at issue in the stream of commerce or had a hand in such acts and omissions so that the product reached and came in contact with plaintiff(s).

3. At all times herein mentioned, defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, preparing, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, inspecting, marketing and selling a certain tainted and or rotten lamb roast, and its component parts and constituents, for resale and sale to and use by members of the general public for the purpose of human use.

4. At all times herein mentioned, defendants DOES 1 through 100, inclusive, and each of them, were engaged in the business of distributing, supplying and selling the said tainted and or rotten lamb roast and other products and goods and its component parts and constituents businesses and manufacturers.

5. At all times herein mentioned, defendants, and each of them, were engaged in the business of selling to the businesses the said tainted and or rotten lamb roast and its component and constituent parts which was to be used by the persons for the purpose of human use.

6. At all times herein mentioned, defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the said tainted and or rotten lamb roast was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, inspected, fabricated, prepared, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

7. The defendants, and each of them, so negligently, carelessly, recklessly and unreasonably manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, prepared, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the said tainted and or rotten lamb roast, and its component parts and constituents, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended or presented for use or purchase by the defendants, and each of them.

8. The defective and dangerous character and condition of the said tainted and or rotten lamb roast, and that it was unsafe for the use and purpose for which it was intended when used as recommended by the defendants, and each of them, was known to the defendants, and each of them, or in the exercise of ordinary and reasonable care should have been known and discovered by defendants, and each of them. Furthermore, the dangerous and defective character and condition of the said tainted and or rotten lamb roast and component part was not made known to the plaintiff, by the defendants, and each of them.

9. Plaintiff purchased, cooked and consumed Defendant's tainted and or rotten lamb roast purchased at a "Costco Wholesale" located at or near 13550 Paxton St., Pacoima, CA 91331. Plaintiff consumed and used the tainted and or rotten lamb roast and for the purpose which it was intended to be used, human use.

10. Plaintiff's contact with the tainted and or rotten lamb roast product proximately caused / was a substantial factor in causing plaintiff's damages and injury including but not limited to serious and severe emotional distress and psychological injury pursuant to *Molien v. Kaiser Foundation Hosps.*, (1983) 27 Cal. 3d 916

11. In the treatment of the aforesaid injuries, Plaintiff, has incurred, is presently incurring, and will incur liability for physicians, surgeons, nurses, hospital care, medicine, x-rays, and other medical treatment, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained by plaintiff.

12. As a direct and proximate result of the said negligence, recklessness, unreasonableness and carelessness of defendants, and each of them, plaintiff, has incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

13. At all times relevant herein defendants' breach of warranty that proximately caused plaintiff, serious damages and injury including but not limited to serious and severe emotional distress and psychological injury along with other damages, injuries losses costs and expense.

14. Plaintiff seeks interest pursuant to Civil Code §3291, the exact amount of which plaintiff prays leave to insert herein when finally ascertained.

11

## ATTACHMENT SHEET "PL-3"

### (Warranties)

### BREACH OF IMPLIED WARRANTY OF <u>MERCHANTABILITY</u>

1. Plaintiff incorporates by reference all prior and subsequent paragraphs and allegations of this complaint herein as if set forth in full herein.

2. At all times relevant, prior to and at the time of the events described herein, defendants and each of them were a merchant, seller, manufacturer, designer, distributor, retailer provider, and supplier of the products and their component and constituent parts at issue ("product") and placed and sold the product at issue in the stream of commerce or had a hand in such acts and omissions so that the product reached and came in contact with plaintiff(s).

3. At all times relevant herein merchant defendants were involved in the business and sale of the tainted and or rotten lamb roast product goods to consumer plaintiff, for personal use, family use or household use. Plaintiff used and consumed the product goods from defendants. Defendants at the time of purchase were merchants with respect to the goods and products sold to plaintiff. Defendants and each of them, at the time of purchase were in the business of selling consumer goods and products to consumers like plaintiff for their economic benefit.

4. At all times herein, with respect to the sale of the product goods, defendants failed to: (1) pass without objection in the trade under the contract description; (2) be fit for the ordinary purposes for which such goods are used; (3) was not adequately contained, packaged, identified and labeled; and (4) failed to conform to the promises or affirmations of fact made on the container, label, advertisement, menu and as orally represented under *CIVIL CODE* SECTIONS §§ 1792, 1791.1(a) and California law.

5. The product was not of the same quality as those generally acceptable in the trade; was not fit for the ordinary purposes for which such goods are used; was not adequately contained, packaged, and labeled; or did not measure up to the promises or facts stated on the container or label or other marketing materials.

6. At all times the defendants' goods and product that was supplied, prepared, delivered and sold and exposed plaintiff to was intended for human use pursuant to *Klein v. Duchess Sandwich Co.*, 14 Cal. 2d 272, 276-284,(1939) and *Gottsdanker v. Cutter Laboratories*, 182 Cal. App. 2d 602, 606-607, (1960), under which, no privity is required under California law between plaintiff and defendants, and each of them..

7. At all times, merchant defendants were involved in a sale of goods and products described throughout this complaint including tainted and or rotten lamb roast and its component parts and preparation goods/products, that was sold, prepared and supplied by defendants and each of them to plaintiff.

8. At all times relevant herein the product and goods were not reasonably fit for the ordinary purposes for which such goods are used, or that the goods did not reasonably conform to the promises or affirmations of fact on

the container, menu, advertisement or label or as orally represented to plaintiff pursuant to Civil Code sections § §1792, 1791.1(a) and COMMERCIAL CODE § 2314 (under its warranty requirements).

9. Further, the goods were not of the same quality (1) At all times relevant herein the plaintiffs at the time of contracting intended to use the goods for a particular purpose for use, (2) the seller defendants and all defendants and each of them, at the time of contracting knew or had reason to know of plaintiff's particular purpose, (3) At all times relevant herein the plaintiff/buyer relied on the defendant seller and defendants and each of them, skill or judgment to select or furnish goods suitable for the particular purpose of human use. (4) The seller defendant and defendants and each of them, at the time of contracting with plaintiff (or plaintiff's relation) had reason to know that the plaintiff/buyer/end-consumer was relying on such skill and judgment.

10. At all times relevant herein defendants' breach of warranties proximately caused plaintiff, the consumer/user of the tainted and or rotten lamb roast serious bodily injury, serious and severe emotional distress, psychological damage and other damages, losses costs and expense.

11. At all times relevant herein defendants' breach of warranty that proximately caused plaintiff, serious damages and injury, including but not limited to serious and severe emotional distress and psychological injury along with other damages, injuries losses costs and expense.

12. Plaintiff is entitled to *Attorney's Fees* pursuant to CAL. CIV. CODE §1794(d); *American Suzuki Motor Corp. v. Superior Court*, 37 Cal App. 4th 1291, fn. 2, (Song-Beverly Act [Civil Code §§1790-1795.7] added provisions including costs, attorney's fees and civil penalties to other consumer remedies)).

13. Plaintiff are entitled to *Statutory Penalty* pursuant to Cal. Civ. Code §1794(c) including a civil penalty not exceeding double actual damages is available if defendants as seller breach was willful because Defendants intended to cause the harm and injury described herein under good faith and reasonableness by Defendants and each of them.

13

## BREACH OF IMPLIED WARRANTY OF <u>FITNESS</u>

1. Plaintiff incorporates by reference all prior and subsequent paragraphs and allegations of this complaint herein as if set forth in full herein.

2. At all times relevant herein, defendants and each of them were merchants, sellers, suppliers, manufacturers, retailers and distributors in the goods and products at issue and referenced throughout this complaint.

3. Defendants and plaintiff(s) entered into a sales of consumer goods and product under CAL. CIV. CODE §§1792.1 (manufacturer), 1792.2(a) (retailer seller, supplier or distributor). The Commercial Code's implied warranty of fitness is not limited to retail sales or consumer goods. CAL. COM. CODE §§2105, 2315. Plaintiff purchased/used the tainted and or rotten lamb roast from defendants and each of them.

4. At all times relevant herein privity existed between plaintiff or defendants or was not required in that plaintiff were either the buyer and/or user of the goods purchased from defendants pursuant to *U.S. Roofing, Inc. v. Credit Alliance Corp.*, (1991) 228 Cal. App. 3d 1431, 1441 and *Burr v. Sherwin Williams Co.*, (1954) 42 Cal.2d 682, 695-696.

5. At all times relevant herein, seller defendants, at the time of the sale to plaintiff knew or had reason to know of the particular purpose for which the plaintiff buyers/purchasers required the goods for and that purpose was for human use. That, at the time of purchase, Defendants knew or had reason to know that Plaintiff was relying on Defendants' skill and judgment to select or furnish a product that was suitable for the particular purpose. At all times relevant herein, plaintiff justifiably and reasonably relied on the seller defendants' skill, judgment to select, offer, provide, furnish goods suitable for that particular purpose of plaintiff when ordering and/or purchasing/using tainted and or rotten lamb roast at defendants' business *Under Odell v. Frueh*, (1956) 146 Cal. App. 2d 504, 509.

6. At all times relevant herein, plaintiff both justifiably and reasonably relied on seller defendants' skill, judgment in offering and making available the goods and tainted and or rotten lamb roast and component and constituent parts of the tainted and or rotten lamb roast offered and prepared by defendants. Plaintiff both relied on defendants' skill and judgment in selecting and purchasing the tainted and or rotten lamb roast goods at issue pursuant to *Keith v. Buchanan*, (1985) 173 Cal. App. 3d 13, 25.

7. Defendants and each of them knew or had reason to know that plaintiff were relying on defendants' skill and judgment to select or provide, supply the food product good that was suitable for that particular purpose of human use.

8. Plaintiff by and through their representatives provided reasonable timely oral or written notice to the defendants as seller, merchant supplier and preparer of the tainted and or rotten lamb roast product and goods within a reasonable time after damage and injury, that the tainted and or rotten lamb roast and goods at issue, that were intended for human use and that were consumed by plaintiff, breached the warranty. UNDER CAL. COM. CODE §2607(3)(a) and California law.

9. Plaintiff was a user of defendant's tainted and or rotten lamb roast. Plaintiff used tainted and or rotten lamb roast including said tainted and or rotten lamb roast from defendants. Plaintiff, used Defendant's tainted and or rotten lamb roast. At all times herein, the tainted and or rotten lamb roast failed to be fit for its ordinary purpose which was for human use.
10. At all times relevant herein defendants' breach of warranty proximately caused or was a substantial factor that plaintiff, the user of the tainted and or rotten lamb roast serious bodily injury, serious and severe emotional distress, psychological damage and other damages, losses costs and expense.

11. At all times relevant herein defendants' breach of warranty that proximately caused plaintiff, serious damages and injury, including but not limited to serious and severe emotional distress and psychological injury along with other damages, injuries losses costs and expense.

12. Plaintiff are entitled to *Attorney's Fees* pursuant to CAL. CIV. CODE §1794(d); *American Suzuki Motor Corp. v. Superior Court*, 37 Cal App. 4th 1291, fn. 2, (Song-Beverly Act [Civil Code §§1790-1795.7] added provisions including costs, attorney's fees and civil penalties to other consumer remedies)).

13. Plaintiff are entitled to *Statutory Penalty* pursuant to CAL. CIV. CODE §1794(c) including a civil penalty not exceeding double actual damages is available if defendants as seller breach was willful because Defendants intended to cause the harm and injury described herein under good faith and reasonableness by Defendants and each of them

## **BREACH OF EXPRESS WARRANTY**

1. Plaintiff incorporates by reference all prior and subsequent paragraphs and allegations of this complaint herein as if set forth in full herein.

2. At all times relevant, prior to and at the time of the events described herein, defendants and each of them were a manufacturer, designer, distributor, retailer, supplier of the tainted and or rotten lamb roast product and their component, constituent parts at issue ("product") and placed the product at issue in the stream of commerce and provided the product at issue to plaintiff, or had a hand in such acts and omissions so that the product reached and came in contact with plaintiff(s).

3. Defendants made statements of fact and oral and written representations descriptions to plaintiff both that the tainted and or rotten lamb roast that was used by plaintiff as a sample or model and described to plaintiff did not perform as it was stated or promised by defendants pursuant to California Commercial Code 2313 *et seq*. The tainted and or rotten lamb roast did not meet the quality of the defendants' represented or described sample/model, representation description, affirmation or promise and packaging for human use.

4. Defendants sold and Plaintiff purchased/used the tainted and or rotten lamb roast from Defendants. The tainted and or rotten lamb roast was not proper and safe for human use as prepared and provided by defendants and each of them, for its intended use as expressly warranted by defendants, and each of them, in that the said tainted and or rotten lamb roast was dangerous, defective, unfit for human consumption thereby causing serious injury when said tainted and or rotten lamb roast was being put to its intended human use.

5. Plaintiff reasonably and justifiably relied upon the said express warranty representations of the defendants, and each of them, in the purchase and use, of the tainted and or rotten lamb roast.

6. Within a reasonable time after discovery that the said tainted and or rotten lamb roast was dangerous, defective, unsafe and unfit for human use for its intended use, the plaintiff reasonably notified the defendants of the breach of said express warranty in the manner and form prescribed by law. The tainted and or rotten lamb roast did not perform as promised and did not meet its quality and expectations.

7. At all times relevant herein defendants' breach of warranty proximately was a substantial factor that caused plaintiff, the consumer/user of the tainted and or rotten lamb roast serious bodily injury, serious and severe emotional distress, psychological damage and other damages, losses costs and expense.

8. At all times relevant herein defendants' breach of warranty that proximately caused plaintiff, serious damages and injury, including but not limited to severe emotional distress and psychological injury along with other damages, injuries losses costs and expense.

9. Plaintiff are entitled to *Attorney's Fees* pursuant to CAL. CIV. CODE §1794(d); *American Suzuki Motor Corp. v. Superior Court*, 37 Cal App. 4th 1291, fn. 2, (Song-Beverly Act [Civil Code §§1790-1795.7] added provisions including costs, attorney's fees and civil penalties to other consumer remedies)).

10. Plaintiff are entitled to *Statutory Penalty* pursuant to Cal. Civ. Code §1794(c) including a civil penalty not exceeding double actual damages is available if defendants as seller breach was willful because Defendants

intended to cause the harm and injury described herein under good faith and reasonableness by Defendants and each of them.